UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER JACKSON,<br>　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CORRECTION,<br>　　Defendant. | Civil No. 21-40035-DHH |

### ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION
**July 1, 2021**

Hennessy, M.J.

For the reasons set forth below, the Court will order that this action be REASSIGNED to a District Judge for further proceedings and makes RECOMMENDATIONS to the District Judge to whom the case is assigned as follows:

I.　　BACKGROUND

On March 29, 2021, Christopher Jackson, an inmate in custody at the North Central Correction Institution at Gardner, filed a pro se complaint against the Department of Correction for the alleged violation of his due-process rights in a prison disciplinary proceeding resulting in his placement in disciplinary segregation for three days. See Docket No. 2. With his complaint, he filed an Application to Proceed in District Court without Prepaying Fees or Costs and a motion for appointment of counsel. See Docket Nos. 3, 4. This action was randomly assigned to the undersigned Magistrate Judge pursuant to the District Court's Program for Random Assignment of Civil Cases to Magistrate Judges. See Docket No. 1.

By Order dated April 13, 2021, Jackson was advised that his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A (screening). See Docket No. 5. Plaintiff's motions for

leave to proceed in forma pauperis and for appointment of counsel were denied without prejudice. Id.  Plaintiff was granted 42 days to either: (1) pay the $402 filing and administrative fees, or (2) submit a renewed Application to Proceed in District Court without Prepaying Fees or Costs.  Id. Plaintiff was reminded that if he chose to renew his request for leave to proceed in forma pauperis, and his complaint (or any amended complaint) was dismissed upon a preliminary screening, plaintiff would remain obligated to make payments towards the filing fee for this action.  Id.

II.     DISCUSSION

To date, Plaintiff has not responded and the time to do so has expired.  It is a long-established principle that this court has the authority to dismiss an action for a party's failure to prosecute his action and his failure to follow the court's orders.  Fed. R. Civ. P. 41(b).  "A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)."  Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525–26 (1st Cir. 2002).  "Lack of diligent prosecution is such a reason."  Id. at 526.

Here, dismissal is appropriate because it appears that Plaintiff may not wish to proceed. Accordingly, for the failure to comply with the April 13, 2021 Order, the undersigned will recommend that this action be dismissed without prejudice.

III.    ORDER AND RECOMMENDATION

In accordance with the foregoing, the undersigned orders as follows:

1.      The undersigned will direct that the file be returned to the Clerk's Office for REASSIGNMENT to a District Judge for dismissal without prejudice.

2.      The undersigned recommends that the District Judge to whom this case is reassigned dismiss the complaint without prejudice pursuant to Fed. R. Civ. P. 41(b).

IV.     REVIEW BY DISTRICT JUDGE

Plaintiff is hereby advised, pursuant to the provisions of Fed. R. Civ. P. 72(b), that if he objects to this recommendation, he must file specific written objections thereto with the Clerk of this Court within 14 days of his receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. Plaintiff is further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962, 965 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343, 345–46 (1st Cir. 1993).

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge